UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES VINNEDGE,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. ED CV 11-00148-VBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES |

    Plaintiff has filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"). Following the filing of that petition, the Court issued a Minute Order on December 8, 2011, requiring Defendant to file an Opposition. Defendant filed an Opposition on December 22, 2011, and Plaintiff filed a Reply on January 9, 2012.

    Pursuant to 28 U.S.C. §2412(d), the Court shall award attorney's fees unless the Court finds that the position of the United States was "substantially justified." The Court recognizes that the position of the United States cannot be considered unreasonable because the government agreed to remand the case. Kali v. Bowen, 854 F.2d 929 (9th Cir. 1988). The question is whether the government's position in

1  initially defending the ALJ's opinion was substantially justified.
2  Wolverton v. Heckler, 726 F.2d 580 (9th Cir. 1984).
3       The Court determines that in the instant case, there was not
4  substantial justification or reasonableness to the Commissioner's
5  initial position in defending the decision of the Administrative Law
6  Judge. The Stipulation to Voluntary Remand and Order of Remand
7  directed the ALJ to "further evaluate Plaintiff's credibility in
8  accordance with Social Security Ruling 96-7p and this Court's remand
9  order in the case of Vinnedge v. Astrue, 2010 WL 457611 (C.D.Cal. Feb.
10 4, 2010)(No. 5:09-cv-01057-VBK)."
11      The Court's Case Management Order ("CMO") instructs the parties
12 to make an attempt to settle the case based on Plaintiff's submission
13 of a "written and detailed" settlement proposal to the Commissioner.
14 (CMO, Part V.) This is not a perfunctory process. The Commissioner
15 engages in litigation following an administrative decision which is
16 unfavorable to the Plaintiff because the Commissioner has made a
17 determination that the decision should be defended. Consequently, it
18 is the Court's expectation that the Plaintiff's settlement proposal
19 should, where necessary, be based upon a detailed analysis of the
20 record in order to present sufficient information to persuade the
21 Commissioner to settle instead of litigate. That goal seems
22 especially pertinent in this case, where the Court previously
23 adjudicated the matter, found that the credibility analysis engaged in
24 by the prior ALJ was insufficient, and set forth reasons for this
25 determination. Despite that, based upon documents now submitted to
26 the Court, it would appear that the ALJ did not, in fact, follow the
27 Court's direction, and instead issued a credibility analysis based, at
28 least in part, on factors which this Court had specifically instructed

were not to be considered on remand in the credibility analysis. Faced with these problems, Plaintiff's counsel quite naturally determined that a very detailed, fact-specific presentation would be necessary in order to attempt to obtain a voluntary remand. The Court has reviewed the settlement proposal which the parties provided, and finds that, indeed, it does reflect such an effort. It is, frankly, somewhat lamentable that the Commissioner, in response to Plaintiff's Petition for EAJA Fees, has chosen to engage in what can only be described as an <u>ad</u> <u>hominem</u> attack on the presentation made by Plaintiff's counsel. The Court can only hope, and indeed expects that in the future, issues such as this will be dealt with more objectively.

In any event, the Court's view is that the investment of 25 hours of attorney time and 3 hours of paralegal time by Plaintiff's counsel was reasonable, and indeed, is not at all out of line with awards for EAJA fees made in this District, many of them based on settlements. (<u>See</u> Plaintiff's Reply Memorandum, Exhibit A.)  The Court further finds that based on the Opposition so vigorously pursued by the Commissioner, it was necessary and reasonable for Plaintiff to prepare a Reply Memorandum, and for that reason, the Court also finds that the additional 4 hours of attorney time is reasonable, and will be compensated.

The Court notes that Plaintiff has proposed that the Court should calculate the 3 hours of paralegal work at the rate of $120 per hour rather than $115 per hour (or the $125 per hour originally requested) for a total of $360, rather than $375.  In the Reply Memorandum, it would appear that Plaintiff's counsel inadvertently reverted to the $125 per hour rate originally requested for the paralegal.

Based on the foregoing, the Court finds that Plaintiff's counsel is entitled to payment for 29 hours of attorney time, for a total of $5,091.74, plus $360 for 3 hours of paralegal time, for a total EAJA payment of $5,436.74.

**IT IS THEREFORE ORDERED** that EAJA fees in the amount of $5,436.74 be paid to Plaintiff's counsel by Defendant pursuant to 28 U.S.C. § 2412, and may be subject to offset only as legally allowable.

DATED: January 19, 2012          /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE